IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID A. KAUFMANN, et al.          :

   v.                               :   Civil Action No. DKC 2009-0171

THE TRAVELERS COMPANIES, INC.,     :
et al.                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of insurance contract case is a second motion to seal (Papers 31 and 32) and a motion for reconsideration (Paper 34). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion for reconsideration will be denied, and the motion to seal will be granted.

This case involves insurance purchased for a family-owned restaurant, Kaufmann's Tavern, and an underlying action brought against Plaintiffs by a purchaser of Kaufmann's ("KCI"). KCI brought suit against Plaintiffs when it discovered that, due to septic system constraints, the restaurant's seating capacity was considerably less than it had been lead to believe by Plaintiffs. Defendants refused to defend the suit when KCI sued Plaintiffs. For further background information, see the court's previous memorandum opinion. (Paper 30).

**I.  Motion for Reconsideration**

Although Plaintiffs initially attempt to bring their motion for reconsideration under both Rules 59(e) and 60(b), in their reply they agree with Defendants that "Plaintiffs' motion must be treated solely under Rule 59(e) because Plaintiffs made a timely motion . . . .".  (Paper 38, FN 1).  Plaintiffs filed their motion on April 2, 2010, within 28 days of entry of the order, pursuant to the current version of Rule 59(e), which was amended effective December 1, 2009.

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  "A motion to reconsider is not a license to argue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992).  To the contrary, it is

"an extraordinary remedy which should be used sparingly," *Pacific Ins. Co.*, 148 F.3d at 403.[1]

Plaintiffs seem to be seeking reconsideration under the the third ground of Rule 59. They contend that the court "misapprehended facts concerning the transactions that gave rise to a lawsuit against the Kaufmann Parties and for which the Kaufmann Parties seek a defense and immunity." (Paper 38, at 2). Plaintiffs present several arguments to contest the court's award of summary judgment to Defendants, all of which are simply reiterations of arguments made in its response to Defendants' motion for summary judgment and have been dealt with by the court in its previous memorandum opinion.

---

[1] Under Rule 60(b), a party may obtain relief from a judgment or final order based upon
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Plaintiffs' motion for reconsideration does not meet any of the grounds for reconsideration listed in Rule 60(b) and will be denied.

Plaintiffs argue that loss of use of tangible property does not require complete loss of use under the Travelers' Policy. (Paper 34, at 7; see also Paper 22, at 8 & 14-15). As the court explained in its memorandum opinion, "no property damage exists and there is no loss of use" because KCI was able to use the restaurant: it simply could not seat as many people as was advertised. (Paper 29, at 18). Moreover, Plaintiffs cannot argue that KCI lost only "some" use because the restaurant did not have the capacity to lose in the first place. (*Id.*).

Plaintiffs also contend that the court must "search for any basis upon which a duty to defend may attach." (Paper 34, at 8). They characterize the court's order as finding that the absence of a well-reasoned allegation of causation precludes defense. (*Id.* at 9). Plaintiffs argue that the Court of Appeals of Maryland mandates that the court "search[] hard for a duty to defend." (*Id.* at 10; see also Paper 22, at 10). Plaintiffs misunderstand the court's findings. Following Maryland law established by *Sheets v. Brethren Mutual Ins. Co.*, 342 Md. 634 (1996), the court found that Plaintiffs' claim falls outside the coverage of the policy – not that Plaintiffs failed to allege the elements of a cause of action that would be within the coverage if articulated properly. *See Sheets*, 342 Md. at 644. Because no occurrence, loss of use, or property damage as

4

defined by the insurance policy actually happened, Defendants have no duty to defend.

Plaintiffs also argue the court construed the allegations against the Kaufmann parties "without regard to the Declaration of David A. Kaufmann . . . which sets forth facts that undermine each of the findings that the Court made." (Paper 34, at 4). They set forth three sub-arguments as a component of this claim. They claim that one of the Plaintiffs, David Kaufmann, made no promise or warranty to KCI. (Paper 34, at 5-6). Although he was insured under the policy in question, they argue that he should receive coverage because he made no warranty about the seating capacity of the restaurant. (*Id.*; see also Paper 22, at 13). This proceeding is not the proper forum for determining whether David Kaufmann individually promised to KCI that seating capacity was for 400 customers. Rather, David Kaufmann should have moved to dismiss the claims against himself in the underlying action brought by KCI.

Plaintiffs also attempt to claim that Kaufmann Enterprises retained ownership of the dry wells on its property. Ownership of the dry wells is beside the point: the crux of the issue is the seating capacity of the restaurant. Although seating capacity is tied to the capacity of the septic system, it matters not who owns the septic system itself.

5

Lastly, Plaintiffs claim that the agreement for the sale of the restaurant and realty disclaimed any warranty or promise that the dry wells will perform. The court will not make any determination on whether this claim is true because, again, this argument misses the mark. It is not the functioning of the wells that matters, but rather the capacity of the restaurant, which rests upon the capacity (not functioning) of the septic system.

Plaintiffs have offered no reason to conclude that the court's analysis was a clear error of law. Mere disagreement with the court's decision will not result in granting a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F.Supp.2d 407, 408 (D.Md. 2002). The motion for reconsideration will be denied.

**II. Motion to Seal**

Plaintiffs have filed a second motion to seal several documents (Papers 31 and 32) after their previous motion to seal was denied. (Paper 30). A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be

> filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

Local Rule 105.11. There is also a well-established common law right to inspect and copy judicial records and documents. *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978). If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Furthermore, prior to sealing any documents, the court must provide notice of counsel's request to seal and an opportunity to object to the request before making its decision. *Id.* Either notifying the persons present in the courtroom or docketing the motion "reasonably in advance of deciding the issue" will satisfy the notice requirement. *Id*. at 234. Finally, the court should consider less-drastic alternatives, such as filing redacted versions of the documents. If the court

7

decides that sealing is appropriate, the court should provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives. *Id*. at 235.

Plaintiffs seek to file (1) a redacted declaration by David A. Kaufmann ("Kaufmann Declaration"), (2) an unsealed revised Exhibit F to the redacted Kaufman Declaration, (3) sealed copies of Exhibits G through H to the redacted Kaufmann Declaration, and (4) unsealed copies of Exhibits A through E to the Kaufman Declaration. (Paper 31). Defendants take no position with respect to the motion to seal. (Paper 33).

In their motion, Plaintiffs lay out the reasons that portions of the record they seek to submit should be sealed or redacted. The Kaufmann Declaration refers to and attaches matter in its Exhibits that is subject to two confidential settlement agreements. These agreements contain paragraphs that require Plaintiffs to "take reasonable precautions to prevent disclosure of any term." (Paper 32 ¶ 1). Exhibits G and H contain portions of the confidential settlement agreements. To protect the expectations of the settling parties, Plaintiffs submit that these exhibits should be filed under seal, and references to the settlement figures in ¶¶ 17 and 18 of the Kaufmann Declaration should be redacted.

Exhibit F contains data showing the amount paid as costs of defending the underlying action described in the Kaufmann Declaration. Rather than file the entire original Exhibit F as attached to Paper 23, Plaintiffs now move to file only Page One of the costs, which provides a summary of the data.

Plaintiffs request that Exhibits A through E of the original Kaufmann Declaration at Paper 23 be made part of the permanent record without seal or redaction.

Because Plaintiffs have supplied reasons supported by specific factual representations to justify the sealing of several Exhibits, and offered less-drastic remedies for several other documents, the motion to seal will be granted.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration will be denied and their motion to seal will be granted. A separate Order will follow.

      /s/      
DEBORAH K. CHASANOW
United States District Judge
